IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:02-CR-0062-JOF |
| RUNE WINGFIELD, : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter is before the court on Petitioner's pro se motion for reconsideration of [25] order pursuant to Fed. R. Civ. P. 60(b)(6) [29] and Petitioner's pro se motion for judgment on the pleadings [30].

**I.    Background**

On January 25, 2002, Petitioner, Rune Wingfield, pled guilty to possession of cocaine hydrochloride with intent to distribute, in violation of 21 U.S.C. § 841(a) and (b)(1)(C), and was sentenced on September 27, 2002 to imprisonment for a term of 135 months. On September 19, 2003, Petitioner filed an emergency motion to compel the Government to file a motion for Rule 35(b) downward departure. On November 7, 2003, this court dismissed that motion. On December 29, 2003, Petitioner's section 2255 habeas petition, dated September 25, 2003, was filed with the Clerk of Court. In an order dated February 15, 2005, this court denied Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

§ 2255. On September 27, 2005, Petitioner filed a pro se motion for reconsideration of the February 15, 2005 order. On January 19, 2006, Petitioner filed a pro se motion for judgment on the pleadings.

## II.    Discussion

Federal Rule of Civil Procedure 60(b)(6) states that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of judgment. Motions for reconsideration pursuant to Rule 60(b)(6) are only granted in extraordinary circumstances. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000). Further, the grant of relief under Rule 60(b)(6) is within the discretion of the district court. *High v. Zant*, 916 F.2d 1507, 1509 (11th Cir. 1990).

Here, Petitioner seeks relief from a judgment denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. A large part of Petitioner's section 2255 petition concerned the Government's failure to file a Rule 35(b) motion seeking a downward departure. The court found that this argument was an attempt to relitigate issues made pursuant to his emergency motion to compel the government to file a motion for Rule 35(b) downward departure. The court found that "Petitioner's Rule 35(b) claims, reclothed as § 2255 ineffective assistance of counsel claims, lack merit . . . ."

In the February 15, 2005 order, the court found that the Petitioner had raised one cognizable section 2255 habeas claim relating to petitioner's claim that he received

ineffective assistance of counsel because counsel failed to object to his criminal history level. The court found that Petitioner was not prejudiced by counsel's actions. Petitioner contended that his criminal history was influenced by a 1991 cocaine possession charge which had been discharged. The court found that even assuming that counsel's performance was deficient for failing to object to this criminal history point, Petitioner was not prejudiced. The court found that Petitioner's sentence was within the guideline range even if the 1991 cocaine possession charge was removed. Further, the court found that Petitioner failed to object to his criminal history calculation at sentencing.

The court finds Petitioner's motion for reconsideration pursuant to Rule 60(b)(6) merely tries to relitigate the issues addressed in the February 15, 2005 order. The court finds that this is not a case where extraordinary circumstances support granting such a motion. Therefore, the court DENIES Petitioner's motion for reconsideration. For the aforementioned reasons, the court DENIES Petitioner's motion for judgment on the pleadings.

AO 72A
(Rev.8/82)

**III.   Discussion**

The court DENIES Petitioner's pro se motion for reconsideration of [25] order pursuant to Fed. R. Civ. P. 60(b)(6) [29] and Petitioner's pro se motion for judgment on the pleadings [30].

SO ORDERED, this 9th day of June 2006.

                                                s/ J. Owen Forrester
                                                J. OWEN FORRESTER
                                    SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)