**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**


UNITED STATES OF AMERICA      :
                                :
                                :

      v.                         :        CRIMINAL ACTION NO.
                                :        1:02-CR-0062-JOF
                                :

RUNE WINGFIELD,               :
                                :

         Defendant.         :


## OPINION AND ORDER


This matter is before the court on Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [44] and Defendant's motion to expand the record [46].

On January 25, 2002, Defendant Rune Wingfield pled guilty to a one-count information changing Defendant with conspiracy to possess with the intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 84. On October 9, 2003, the court sentenced Defendant to 135 months' imprisonment, three years' supervised release, and a $100 special assessment. The Presentence Report calculated Defendant's initial base offense level at 34 based on 1,361.61 grams of cocaine hydrochloride and 161.4 grams of crack cocaine, which converts to an equivalency of 6506.78 kilograms of marijuana. (This is the marijuana equivalency of 3,278.68 kilograms for the cocaine hydrochloride and 3,228 kilograms for the cocaine base.) The Presentence Report subtracted three levels for

acceptance of responsibility, resulting in a total offense level of 31 and a criminal history category of III. The resulting custody range was 135-168 months. During sentencing, the court overruled Defendant's objection to the base offense level calculation, and Defendant's level remained at 31. Defendant's projected release date is September 24, 2012. Defendant filed the instant motion for reduction in sentence along with a motion to expand the record which attaches various certificates Defendant has received for the completion of educational and social programs in prison.

> Title 18 U.S.C. Section 3582(c)(2) provides:
>
> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. Revised Sentencing Guideline section 1B1.10(a) also provides that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."

Defendant's motion relies on Amendment 706 to the United States Sentencing Guidelines which lowered by two levels the base offense level for many crack cocaine offenses. The United States Sentencing Commission has deemed the amendment to apply retroactively with an effective date of March 3, 2008. See U.S.S.G. § 1B1.10(c). In a

AO 72A
(Rev.8/82)

memorandum concerning Defendant's motion, however, both the United States Probation Office and the Government assert that Defendant is not entitled to a reduction under Amendment 706 because Defendant's sentence involved both cocaine base (crack) and cocaine hydrochloride. The Sentencing Commission enacted Amendment 715, effective May 1, 2008, which provides for a two-level reduction of most offenses involving crack cocaine when at least one other controlled substance is involved. Under Amendment 715, which is described in the Application Notes to U.S.S.G. § 2D1.1, however, there are exceptions to the two-level reduction where:

(I)     the offense involved 4.5 kilograms or more, or less than 250 mg, of cocaine base; or

(II)    the 2-level reduction results in a combined offense level that is less than the combined offense level that would apply under subdivision (B) of this note if the offense involved only the other controlled substance(s) (i.e., the controlled substances other than cocaine base).

U.S.S.G. § 2D1.1, app. note 10(D)(ii).

Under § 2D1.1, therefore, a comparison must be made between the base offense level with the total drug amount minus the two-level reduction and the base offense level minus the cocaine base. If the base offense level minus the cocaine base is higher than the base offense level of the total amount of drugs minus the two-level reduction, then the base offense level does not change and the amendment does not apply.

Here, Defendant's original base offense level (calculated from the 6,506.78 kilogram marijuana equivalency) was 34. The two-level reduction would bring Defendant's base

AO 72A
(Rev.8/82)

offense level to 32. However, using the marijuana equivalency for the cocaine hydrochloride alone, which is 3,278.68 kilograms, puts Defendant's base offense level at 34 under U.S.S.G. § 2D1.1(c)(3) (more than 3,000 kilograms but less than 10,000 kilograms of marijuana). Since the base offense level without the crack cocaine would be higher than the base offense level minus the two-level reduction, the base offense level does not change.

For the foregoing reasons, the court DENIES Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [44] and DENIES AS MOOT Defendant's motion to expand the record [46].

**IT IS SO ORDERED** this 14th day of October 2008.


s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

4